TIMOTHY Y. FONG
CA SBN#255221
3333 Bowers Avenue, STE 130
Santa Clara, CA 95054
Tel 408-627-7810
Fax 408-457-9417
tyfong919@gmail.com
Attorney for DAVID BRYAN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>DAVID BRYAN,<br><br>      Debtor | Case No.: 10-33670-TEC<br>Chapter 7<br>DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY<br>Property: 4148 23rd St., San Francisco, CA 94114<br>Date: 6 Dec 2010<br>Time: 1:00 p.m.<br>Courtroom: 23 |

/
/
/
/

TO THE CREDITORS, CREDITORS' ATTORNEY AND OTHER INTERESTED PARTIES:
NOTICE IS HEREBY GIVEN that in the location listed above at the date and time listed above, debtor in the above-captioned matter will move to oppose Movant, U.S Bank National Association ("U.S. Bank"), in its Motion for Relief of Automatic Stay, on the grounds listed in the instant Opposition.

## SUMMARY OF FACTS

1. On or about 3 January 2007, David R. Bryan ("Bryan") executed a promissory note ("the Note") in the amount of $1,000,000. The note named as Lender, Ampro Mortgage, A division of United Financial Mortgages Corp. ("Ampro") A copy of the Note was attached to Movant's Motion for Relief from Automatic Stay, as Exhibit A and incorporated here by reference.

2. On or about 3 January 2007, Bryan also executed a Deed of Trust ("the Deed"). The Deed named the Lender as Ampro and the Trustee as Alliance Title ("Alliance"). Curiously, the Deed also named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. The Deed reads that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." A copy of the Deed was attached to Movant's Motion for Relief from Automatic Stay as Exhibit B and incorporated here by reference.

3. On 23 July 2008, MERS caused to be recorded an Assignment of Deed of Trust ("Assignment of Deed") with the San Francisco County Recorder's Office. A copy was attached to Movant's Motion for Relief from Automatic Stay as Exhibit B and incorporated here by reference. In the Assignment of Deed, MERS purportedly

        "grants, assigns and transfers to U.S. Bank, National Association, as Trustee for JPMALT 2007-A2 all beneficial interest"  MERS claims the power to conduct the assignment as "nominee for AMPRO Mortgage. . ."  The Assignment of Deed was signed in Texas by David B. Seybold, as "Vice President" of MERS.

4. Movant has filed a Declaration in Support of Relief from Automatic Stay ("Javen Declaration").  Krystal Javen is the author of the declaration, and is an employee of Chase Home Finance, LLC, the loan servicing agent for Movant. The Javen Declaration is incorporated here by reference. Javen does not indicate that she is familiar with the business records of Movant.

5. Javen asserts that "Movant qualifies as the Note Holder."  See Javen Declaration.

6. Javen has not demonstrated any personal knowledge of Movant's business records.

7. The copy of the Note proffered by movant has a stamp indicating "see attached allonge."  The allonge purports to show the indorsement by one Arelene Soulette, acting as Asst Vice President of Ampro, indorsing the Note to JP Morgan Chase Bank, N.A.  The allonge is undated.

8. JP Morgan Chase has been under investigation in Ohio for submitting fabricated documents.  See **Request for Judicial Notice of Ohio Investigation.**

<u>Legal Argument</u>

The issue is whether Movant has the standing to move for relief from the automatic stay.  The rule is that "[a]n action must be

prosecuted in the name of the real party in interest." Fed R. Civ. P. 17(a)(1). Specifically, a motion for relief from stay can only be brought be a real party in interest. In re Hwang, 396 B.R. 757, 766 (Bankr. C. D. Cal. 2008). To be a real party in interest, a Movant must demonstrate a "pecuniary interest." In re Sheridan, WL 631355 (Bkrtcy. D. Idaho 2009) at *4. As to the burden of proof, "in general . . . creditors moving for a relief from stay should establish a prima facie[1] case that they have the standing to enforce the underlying note or obligation. In re Aniel, 427 B.R. 811, 816 (Bankr. N. D. Cal. 2010). The holding of the note is required since as the US Supreme Court has held, "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." Carpenter v. Longan, 83 US 217,274 (1873).

In the instant case Movant asserts via the Javen Declaration that it is the holder of the note, and thus has a pecuniary interest in Mr. Bryan's property.

Thus, there are two sub-issues here; whether Movant took possession of the Note such that it is the holder, and whether MERS had the authority to assign the Deed of Trust.

/

/

---

[1] "Prima Facie evidence. Evidence good and sufficient on its face. Such evidence as, in the judgment of the law, is sufficient to establish a given fact, or the group or chain of facts constituting the parties claim or defense, and if not rebutted or contradicted, will remain sufficient…" Black's Law Dictionary, (6th ed. 1990) p. 1190

**Movant is not the holder**

Movant asserts, via the Javen Declaration, that it is the holder of the note. The rule in California is that the holder receives the instrument via negotiation, which is defined as "a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder." Cal. Comm. Code § 3201(a). Negotiation of a note that is payable to an identified person, requires "transfer of possession of the instrument and its indorsement by the holder. . ." unless the instrument is payable to bearer. Cal. Comm. Code § 3201(b) (2009). Regarding indorsements, the majority view is that the indorsement must be on the negotiable instrument, unless there is no room for the indorsement on the instrument. Pribus v. Bush, 118 Cal. App. 3d 1003, 1008 (Cal. Ct. of Appeals, 4th Dist. 1981), applied also in Adams v. Madison Realty & Development, Inc., 853 F 2d 163, 169 (Court of Appeals, 3rd Circ. 1988). The court's logic in Pribus was that

> . . .a person's signature, innocently made upon an innocuous piece of paper, could be fraudulently attached to a negotiable instrument as a purported indorsement. The majority rule, while not eliminating these methods of fraud, certainly reduces the opportunities for their use. Pribus at FN 7.

In the instant case, Movant claims, via the Javen Declaration, that it is the holder of the Note. There are several problems with the assertion. The problems are lack of personal knowledge, no evidence of transfer of possession, and inadequate indorsement.

Regarding personal knowledge, the rule is that "[a] witness may not

testify to a matter unless evidence is introduced sufficient to
support a finding that the witness has personal knowledge of the
matter." Fed. R. of Ev. 602.  In the Javen Declaration, Javen
asserts that "Movant qualifies as the Note Holder."  However, Javen
does not explain what personal knowledge she has to indicate the
basis for her testimony.  Since she is an employee of Chase Home
Finance, LLC, and not Movant, we cannot assume she has knowledge of
Movant's business records.  Javen indicates no personal knowledge of
Movant's business records either. Since she completely lacks
personal knowledge, Javen may not testify to the matter of whether
Movant is the note holder.

Regarding transfer of possession, it is a necessary element of
becoming a holder of the Note, a process known as negotiation in
California.  Cal. Comm. Code § 3201(b) (2009). In the instant
situation, Movant has not demonstrated that it took possession of
the Note.  As discussed above, the statement by Javen regarding
Movant's status as holder is simply conclusory and lacks evidentiary
support.  Therefore, Movant has presented no evidence that it took
possession of the Note, as required by California law to become the
holder.

Even if Movant argues that it somehow took possession of the Note,
the Note was/is improperly indorsed.  To prevent fraud, California
and Federal courts have held that the indorsement should be on the
document unless there is no space.  <u>Pribus</u>, 118 Cal. App. 3d at
1008, <u>Adams</u>, 853 F 2d at 169.  In the instant case, the Note
proffered by Movant lacks an endorsement on the document.  Rather,

the Note has a stamp indicating "see allonge."  There is an undated allonge, i.e. a piece of paper with an indorsement signing over the Note to JP Morgan Chase Bank N.A. There is pretty clearly plenty of space on the face of the Note.  Thus, the indorsement should have been on the Note instead of via an allonge.

Movant may argue that concerns over the use of an allonge are overblown and of little concern to the way business is done in the 21st century.  However, Movant would be incorrect; concerns over fraud in real estate transactions have grown dramatically in the last year.  It seems that every day brings a new revelation regarding document fraud, wrongful foreclosures and total misconduct by major financial institutions.  JP Morgan Chase has been part of a scandal regarding what the Ohio Attorney General referred to as false court documents. The Pribus court was concerned about signatures "innocently made" on "innocuous piece of paper" providing a potential source of fraud.  That is exactly the problem with the proffered Note; namely, that the signature allegedly indorsing the Note over to JP Morgan Bank could have been made for another reason, innocently on a sheet of paper, and then just slipped into the file and submitted to the court. Requiring that indorsement take place on the instrument if space exists helps reduce opportunities for fraud.

In light of of the serious allegations in Ohio, the court should follow the Pribus rule and disallow the indorsement via allonge presented by Movant.
/

Since Movant's Declarant lacks personal knowledge, Movant cannot demonstrate that it (or even JP Morgan Chase Bank) took possession of the Note, and the Note is improperly indorsed, then Movant has not demonstrated a prima facie case that it is indeed the holder of the note.  Since it is not the holder of the Note, Movant lacks a pecuniary interest in the litigation, because it is not entitled to enforce the Note.  Therefore, Movant lacks the requisite standing as a real party in interest.  Thus, per Fed R. Civ. P. 17(a)(1), Movant cannot bring a motion for relief from the automatic stay.

**Assignment of the Deed of Trust**
Movant may try to assert that US Supreme Court precedent is not binding.  Movant can argue that even if it lacks a pecuniary interest via the Note, the fact that it received assignment of "all beneficial interest" in Mr. Bryan's property from MERS via the Corporation Assignment, gives Movant all the pecuniary interest it requires.  Mr. Bryan strenuously objects to this characterization as departing from established law and precedent.  Nonetheless, as the below analysis will show, Movant also failed to receive assignment of the Deed of Trust.

The issue then is whether MERS had the authority to assign said beneficial interests from the Deed of Trust to Movant.  MERS executed the Assignment of the Deed as a "nominee" for Ampro Mortgage, the Lender. MERS has specifically been found to have no interest in properties registered with its system.  In Nebraska, the the court found that MERS "only holds legal title to members' mortgages in a nominee capacity and is contractually prohibited from

Case: 10-33670    Doc# 31    Filed: 11/23/10    Entered: 11/23/10 14:44:50    Page 8 of 10

8

exercising any rights with respect to the mortgages (i.e., foreclosure) without the authorization of the members." <u>Mortgage Electronic Registration Systems vs. Nebraska Dept. of Banking</u>, 270 Neb. 529, 530 (Nebraska, 2005). Furthermore, "MERS has no independent right to collect any debt because MERS itself has not extended credit,and none of the mortgage debtors owe MERS any money." <u>Id.</u> at 535. Since MERS has not extended credit to Bryan, and has no right to receive payments on the Note, MERS had no pecuniary interest in the subject property. Since MERS has no actual beneficial interest in the note, then it cannot convey any beneficial interests from the Deed of Trust to Movant. Therefore, Movant cannot argue that it has a pecuniary interest in Mr. Bryan's property from the Deed of Trust.

Since Movant has not proffered evidence that it has a pecuniary interest in Mr. Bryan's property, via a negotiated note or otherwise, Movant has failed to present a prima facie case in support of its Motion to lift the automatic stay.

/
/
/
/
/
/
/
/
/
/

## **PRAYER FOR RELIEF**

In light of the above legal arguments, Debtor respectfully prays for an order from the court as follows:

1. That the subject motion for relief from automatic stay be denied.
2. That the court disallow the collection of protection payments from Mr. Bryan, by Movant.
3. That the court order Movant to pay Debtor's attorneys fees and costs incurred as a result of filing the instant opposition.
4. Any other relief that the court deems just and appropriate under the circumstances.

Dated: _23 NOV 2010_____

_____/s_____
Timothy Y. Fong
Attorney for debtor David Bryan